UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GILBERTO HERNANDEZ SANCHEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-591-JD-JEM |
| NELSON PETERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Gilberto Hernandez Sanchez, a prisoner without a lawyer, filed an amended complaint alleging that the defendants subjected him to unconstitutional conditions of confinement while he was housed at the Allen County Jail. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Sanchez alleges that, while he was housed at the Allen County Jail from 2021 to 2023, he was subjected to deplorable living conditions. ECF 7 at 1, 3-4. Specifically, during the period of February 15, 2023, to March 10, 2023, when he was housed in cell G-3708, he asserts that gas came through the ventilation

system in his cell and dirty water overflowed from his toilet onto his cell floor. *Id*. at 3-4. He was also denied adequate physical activity and recreation time because of the constant overcrowding of inmates at the jail. *Id*. at 4. Sanchez avers these conditions caused him severe emotional distress.[1] *Id*.

Sanchez next asserts that, on September 5, 2023, at about 11:00 a.m., as he was walking on the second floor of A-Block with his lunch tray, he slipped and fell on water that had been leaking on the floor for several months. *Id*. After his fall, Correctional Officer Malcome helped him to his feet and took him to see the jail's nurse because he had severe pain in his hip and right hand. *Id*. The nurse took pictures of his injuries and gave him Tylenol and an ice bag for his pain. *Id*. at 4-5. She told Sanchez that he should return to his cell, but Correctional Officer Hougle, who saw the extent of Sanchez's injuries, contacted Jail Commander John Doe. *Id*. Sanchez was then transported to the hospital. *Id*. at 5. At the hospital, he asked a correctional officer for a Spanish translator, but one was not provided. *Id*. He was given Ibuprofen for his pain and transported back to the jail.[2] *Id*.

Upon returning to the Allen County Jail, Sanchez filled out grievance and healthcare request forms. *Id*. However, the following day, on September 6, 2023, he was transferred to the Reception Diagnostic Center where he was unable to continue with

---

[1] The court has not analyzed Sanchez's allegations that he was subjected to deplorable living conditions at the Allen County Jail from 2021 to 2023 because he does not link his allegations to any particular defendant.

[2] Sanchez does not allege that he did not receive appropriate medical treatment for his injuries following the September 5, 2023, slip and fall incident.

the grievance process because he did not have access to the law library or an opportunity to prepare legal work. *Id*. He has since been transferred to Plainfield Correctional Facility where he is receiving physical therapy for his injuries. *Id*. He asserts that, after he sustained injuries from the fall, he has been in constant pain and life has never been the same. *Id*. Sanchez has sued Commissioner Nelson Peters, Commissioner Richard Beck, Commissioner Teresh Brown, Sheriff Troy Hershburger, Sheriff David Gladieux, and Jail Command Doe for monetary damages in the amount of $250,000. *Id*. at 5-6.

To the extent Sanchez was a pretrial detainee, he was protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)).

Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the

3

defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Furthermore, a condition must, objectively, rise to a certain level before the Fourteenth Amendment is implicated. *See Hardeman v. Curran*, 933 F.3d 816, 823-24 (7th Cir. 2019). An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025) (unpublished decision). A "trivial" injury is insufficient to show cognizable harm for a claim under 42 U.S.C. § 1983. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). "An injury is necessary for a constitutional tort under § 1983." *Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023); *see also Walker v. Leibert*, 844 F. App'x 920, 922 (7th Cir. 2021) ("[T]o the extent Walker seeks damages based on the risk of what *could have* happened

4

to him as a result, that risk is not actionable under § 1983 without actual injury." (emphasis in original)).

Sanchez asserts the defendants knew about the hazardous conditions at the Allen County Jail because, before he slipped and fell on September 5, 2023, other inmates had submitted grievances about the unsafe conditions. ECF 7 at 5. However, his allegations do not give rise to a Fourteenth Amendment violation because slippery surfaces in prisons, without more, are generally not considered unconstitutionally hazardous. *See Pyles v. Fahim*, 771 F.3d 403, 410–11 (7th Cir. 2014). For example, even when an inmate plausibly alleged the warden "consciously ignored a safety hazard" of wet and slippery stairs after being told directly about it, the Seventh Circuit found that the hazard was not "sufficiently serious" to invoke the Constitution. *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014). "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Id*. (collecting cases at footnote 25). Sanchez's allegations do not state a claim against any defendant.

Sanchez also cannot proceed against the named defendants—Commissioner Peters, Commissioner Beck, Commissioner Brown, Sheriff Hershburger, Sheriff Gladieux, and Jail Commander Doe—for another reason. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and high-ranking officials cannot be held liable for damages simply because they oversee operations at the jail or supervise other jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions,

5

not on the knowledge or actions of persons they supervise."). Instead, they must have some personal involvement. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). Because there is no basis in the amended complaint to infer that the defendants personally knew about the wet slippery floor conditions Sanchez encountered on September 5, 2023, he may not proceed against them.

This amended complaint does not state a claim for which relief can be granted. If Sanchez believes he can state a claim based on (and consistent with) the events described in his amended complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Gilberto Hernandez Sanchez until **September 26, 2025**, to file a second amended complaint; and

(2) CAUTIONS Gilberto Hernandez Sanchez if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 28, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT